CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for
C'ville
JUN 20 2005
JOHN F. CORCORAN, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:04CR00031 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MELVIN TYRONE TINDALL, | ) | |
| | ) | |
| Defendant. | ) | By: Jackson L. Kiser |
| | | Senior United States District Judge |

Before me is Defendant's Motion to Suppress. Oral argument was heard on June 7, 2005. The issue is thus ripe for decision. For the reasons stated below, I hereby find that the warrantless search of the apartment violated defendant's Fourth Amendment rights, and therefore **GRANT** his motion to suppress.

## STATEMENT OF FACTS

The defendant, Melvin Tindall ("Tindall"), was indicted with Turkeshia Gillespie ("Gillespie") on April 24, 2004, for conspiracy to manufacture and distribute crack cocaine. Gillespie's motion to suppress was granted on August 12, 2004. *U.S. v. Gillespie,* 332 F. Supp. 2d 923 (W.D. Va. 2004). The court held that the police violated Gillespie's Fourth Amendment rights when they entered her apartment and seized evidence without a warrant, and that the subsequent search and confession were tainted by the constitutional violation. *Id.*

The current defendant, Tindall, had an intimate relationship with Gillespie. He is the father of at least one of her children. Tindall had helped Gillespie move into her home a few months before the illegal entry, and kept a key to the apartment. Tindall claims that he had arrived in Gillespie's apartment on a visit from New York the evening before the search and spent the night there.

## DISCUSSION

Defendant has filed a motion to suppress all evidence seized by the police in Gillespie's apartment on the grounds that he had a reasonable expectation of privacy in his girlfriend's apartment, and thus the illegal entry violated his Fourth Amendment rights. The government contends, relying on conversations with Gillespie, that the defendant only dated Gillespie for approximately six months, had not spent the night at her apartment immediately prior to the search, and therefore did not have a reasonable expectation of privacy in her apartment. However, the government had the opportunity to call Gillespie to the stand and failed to do so, preventing me from weighing her credibility.

The Fourth Amendment provides protection against unreasonable searches and seizures to those who have a legitimate expectation of privacy in the invaded place. U.S. CONST. amend. IV; *Rakas v. Illinois,* 439 U.S. 128, 143 (1978). Whether an expectation of privacy is legitimate depends upon whether it is "one that society is prepared to recognize as 'reasonable.'" *Katz v. United States,* 389 U.S. 347, 361 (1967) (Harlan, J. concurring). The Supreme Court has held that an overnight guest has a reasonable expectation of privacy in his hosts' home, calling such visits "a longstanding social custom that serves interests recognized as valuable by society." *Minnesota v. Olson,* 495 U.S. 91, 98 (1990). In contrast, when a guest has a "purely commercial" relationship with a host, spends a relatively short period of time on the premises, and has little or no connection with the householder, an illegal search of the host's home will not violates a guest's Fourth Amendment rights. *Minnesota v. Carter,* 525 U.S. 83, 91 (1998).

In this case, under either version of the facts, Tindall was much more than a brief sojourner in the invaded place. He had an ongoing relationship with the apartment tenant, Gillespie, and possessed a key to the premises. He was the father of at least one, and possibly

two of Gillespie's children. He credibly claims to have paid half of the first month's rent for the apartment, and to have spent the night there immediately prior to the illegal search. In short, Tindall had a long-term intimate relationship with Gillespie and had status as an invited guest in the apartment, as shown by his possession of a key to the premises.

These factors demonstrate that the defendant had a legitimate expectation of privacy in the household that "'was rooted in 'understandings that are recognized and permitted by society.'" *Bonner v. Anderson*, 81 F.3d. 472, 475 (4th Cir. 1996)(quoting *Olson,* 495 U.S. at 100). When a guest has longstanding, intimate connections to a host, and a permanent invitation to stay in the host's home, that guest has a reasonable expectation of privacy in the host's household. Thus, in this case, the illegal search of Gillespie's apartment violated the defendant's Fourth Amendment rights.

## CONCLUSION

For the reasons stated above, the defendant's motion to suppress is hereby granted. The clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

ENTERED:

*[signature]*

Senior United States District Judge

6/20/05

Date