CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 04 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| MELVIN TYRONE TINDALL,<br><br>*Defendant,*<br><br>v.<br><br>UNITED STATES,<br><br>*Plaintiff.* | CRIM. ACTION NO. 3:04-CR-00031<br><br>ORDER AND OPINION<br><br>JUDGE NORMAN K. MOON |

Before the Court is Defendant's Motion to Dismiss on Speedy Trial grounds. For the reasons set forth below, the Court will DENY the Motion.

## I. BACKGROUND

Defendant Tindall was indicted in 2004 for conspiracy to manufacture and distribute crack cocaine. On April 6, 2005, Tindall made his initial appearance before the U.S. Magistrate Judge. Tindall filed a Motion to Suppress on May 3, 2005. On May 25, 2005, the government obtained a superseding indictment naming two additional co-defendants to the conspiracy count, and charging Tindall with possession with intent to distribute cocaine and cocaine base. On June 7, 2005, the Court heard argument on Tindall's Motion to Suppress, and on June 20, 2005, the Court granted the Motion.

On June 24, 2005, Tindall filed a Motion to Dismiss. On July 14, 2005, he filed a Motion to Compel Grand Jury Testimony. On July 28, this Court denied the Motion to Dismiss and the

Motion to Compel.

On July 27, 2005, one day before the Motion to Dismiss was granted, Defendant filed a Motion to Sever. Tindall filed the pending Motion to Dismiss on August 25, 2005, claiming that the government has failed to set a timely date for trial.

## II. REASONING

Defendant has filed this Motion claiming that dismissal is required under the Speedy Trial Act. According to Defendant, over seventy days has passed since Tindall's initial appearance, and thus the government has violated the mandates of the Act. The Speedy Trial Act requires that a defendant's trial be set within seventy days from the date on which either the indictment/information is made public, or the date on which the defendant makes an initial appearance, whichever is later. 18 U.S.C.A. § 3161(c)(1). The running of the time period is tolled by "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of such motion." 18 U.S.C.A. § 3161(h)(1)(F). The time period is also tolled when any proceeding concerning the defendant is under advisement by the Court (a period not to exceed thirty days). 18 U.S. C. § 3161(h)(1)(J).

In this case, Tindall's initial appearance occurred on April 1, 2005, almost a year after the indictment was made public. This appearance triggered the running of the statutory time period. Tindall filed a Motion to Suppress after thirty-two days, on May 3, 2005, thereby tolling the statute under 18 U.S.C.A. § 3161(h)(F). The Motion to Suppress was granted on June 20, and the time period began to run again. Four days later, however, Tindall tolled the time period for the second time by filing a Motion to Dismiss. Tindall then filed a Motion to Sever before the Court denied his Motion to Dismiss. The Motion to Sever is still pending, and therefore the time

2

period is currently tolled. In addition, Tindall's co-defendants made their initial appearances on September 27, 2005, and Tindall's motion to sever has not yet been granted. *See* 18 U.S.C. § 3161(h)(7) (time period can be tolled for a reasonable time when a defendant "is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted.") Therefore, thirty-six days at most have elapsed for purposes of the Speedy Trial Act, and there are thirty-four days left until the seventy-day period has expired.

Tindall has also suggested that the delay in setting his trial date has violated his Sixth Amendment right to a speedy trial. He claims that prosecutors could have easily brought his co-defendants down for initial appearances at an earlier time, but refrained in order to prejudice Defendant and perhaps encourage his co-defendants to inform on him. To trigger a speedy trial analysis under the Sixth Amendment, Tindall must allege that "the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay." *Doggett v. United States*, 505 U.S. 647, 651–652 (1992) (quoting *Barker v. Wingo*, 407 U.S. 514, 530–531 (1972)). Tindall has made no allegation that the delay in his case has prejudiced him unduly. Moreover, even if Defendant made such an allegation, no violation of the Speedy Trial Act has occurred, and this fact is a strong argument against prejudice to Defendant. Congress has determined that seventy days is a satisfactory amount of time in which to schedule a trial. Therefore, this Court will not assume that Defendant was prejudiced by delay within that time period absent extraordinary circumstances. No such circumstances are present here.

3

## III. CONCLUSION

Accordingly, the Motion to Dismiss shall be DENIED. It is so ORDERED.

ENTERED: _____
United States District Judge

October 4, 2005
Date